**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil Action No.: 09-cv-209 JNE/SRN**

|  |  |
|---|---|
| JACOB GRADMAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| TARGET NATIONAL BANK d/b/a TARGET FINANCIAL SERVICES, and GWIN, INC., | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### I.  Preliminary Statement

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 et seq., as amended, and various other state laws.

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  Parties

4. Plaintiff Jacob Gradman is an adult individual residing at 1178 S. Clarence Avenue, Oak Park, IL 60304.

5. Defendant Target National Bank, d/b/a Target Financial Services, (hereinafter "Target") is a business entity with a principal place of business located at 3701 Wayzata Blvd., #2CF, Minneapolis, MN 55416.

1

6. Defendant GWIN, Inc. (hereinafter "GWIN") is a business entity regularly conducting business in the State of Minnesota with a principal place of business located 5092 South Jones Blvd., Las Vegas Nevada.

## IV.  Factual Allegations

7. Target has been furnishing defamatory, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to credit reporting agencies and other entities (hereafter the "inaccurate information").

8. The inaccurate information includes $12,000.00 in unauthorized charges that were made on Plaintiff's Target credit card account and credited to the merchant GWIN, Inc., a sports handicapping business, which were a result of identity theft.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

10. The inaccurate information consists of charges which Plaintiff did not authorized and which misrepresent the payment history and/or status of the credit card account.

11. Plaintiff has repeatedly disputed the inaccurate information concerning the Target account with Target and the national credit reporting agencies, including Trans Union, L.L.C., since July 2007.

12. Notwithstanding Plaintiff's disputes, Defendant Target has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, has failed to mark the above accounts as disputed and has continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

13.     Target further published false and defamatory information to other entities including but not limited to the Attorney General of Illinois.

14.     GWIN likewise published false and defamatory information to other entities including but not limited to the Attorney General of Illinois.

15.     Attached hereto as Exhibit A is a true and correct copy of a letter sent to plaintiff, dated September 14, 2007, from Target in which the Attorney General of Illinois was copied.

16.     Attached hereto as Exhibit B is a true and correct copy of a letter sent to the Attorney General of Illinois, dated January 30, 2008, from Target.

17.     Attached hereto as Exhibit C is a true and correct copy of a letter sent to the Attorney General of Illinois, dated January 30, 2008, from GWIN.

18.     Despite Plaintiff's exhaustive efforts, Target and GWIN has nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report the defamatory, derogatory and inaccurate information about the Plaintiff.

19.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

20.     Plaintiff's credit reports and file have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

21.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance

telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

22. As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to his credit rating, humiliation, embarrassment, and harm to his reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

24. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### V. Claims

#### COUNT ONE - FCRA
**(Target)**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant Target was a "person" as that term defined by 15 U.S.C. § 1681a(b).

28. Defendant Target violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Target;

(c) willfully and negligently failing to consistently report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant Target and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

29. Defendant Target's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant Target is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## **COUNT TWO - DEFAMATION**
**(Target)**

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     At the times pertinent hereto, Defendant Target has published statements both orally and through writing to various credit reporting agencies, collection agencies, attorneys and the Attorney General of Illinois that are false and negative representations concerning Plaintiff's credit information and history as well as plaintiff's responsibility for the unauthorized charges made on his Target card.

32.     Defendant Target has published these statements each time Plaintiff has notified Defendant Target and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

33.     Defendant Target has further published statements of defamatory nature to the Attorney General of Illinois in effect accusing plaintiff of perpetrating a fraud in connection with the unauthorized charges made on his Target card.

34.     The statements made by Defendant Target are false as outlined above.

35.     Defendant Target has published these statements to at least Defendant TU and the Attorney General of Illinois.

36.     Defendant Target knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

37.     The written statements and publications constitute libel per se.

38.     The oral statements and publications constitute slander per se.

39.     In addition, and despite the repeated notices from Plaintiff, Defendant Target has acted with malice by failing to communicate the information provided to them by Plaintiff to

credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

40. The conduct of Defendant Target was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Target is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

### **COUNT THREE - NEGLIGENCE**
**(Target)**

41. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

42. Defendant Target's negligence consists of the following:

   (a) Violating the FCRA as set forth above;

   (b) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (c) Failing to review all relevant information concerning Plaintiff's account that was sent to Defendant Target;

   (d) Failing to report the results of investigations to the relevant consumer reporting agencies;

   (e) Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendant Target originally furnished information;

   (f) Failing to delete or correct the inaccurate information; and

(g) Failing to note the disputed status of the inaccurate information on all credit reports.

43. As a result of Defendant Target's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

44. The conduct of Defendant Target was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Target is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## **COUNT FOUR – INVASION OF PRIVACY/FALSE LIGHT**
### **(Target)**

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. Defendant Target's above actions violated Plaintiff's right of privacy by impermissibly accessing plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

47. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant Target invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

48. The conduct of Defendant Target was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are

outlined more fully above and, as a result, Defendant Target is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT FIVE - DEFAMATION
### (GWIN)

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. At the times pertinent hereto, Defendant GWIN has published statements both orally and through writing to the Attorney General of Illinois that are false and negative representations concerning Plaintiff's credit information and history as well as plaintiff's responsibility for the unauthorized charges made on his Target card.

51. Defendant GWIN published false and defamatory statements of defamatory nature to the Attorney General of Illinois in effect accusing plaintiff of perpetrating a fraud in connection with the unauthorized charge made on his Target card.

52. The statements made by Defendant GWIN are false as outlined above.

53. Defendant GWIN knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continued to publish such statements.

54. The written statements and publications constitute libel per se.

55. The oral statements and publications constitute slander per se.

56. In addition, and despite the repeated notices from Plaintiff, Defendant GWIN has acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

57.     The conduct of Defendant GWIN was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant GWIN is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

### COUNT SIX - NEGLIGENCE
### (GWIN)

58.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

59.     Defendant GWIN possessed a duty to ensure that the credit transactions it processes are authorized.

60.     GWIN breach said duty by, among other things, processing transactions using Plaintiff's Target account without adequately verifying the that the transaction was authorized, failing to properly investigation of the inaccurate information that Plaintiff disputed; failing to review all relevant information concerning Plaintiff's account; and refusing to credit the unauthorized charge made back to Plaintiff.

61.     As a result of Defendant GWIN's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

62.     The conduct of Defendant GWIN was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant GWIN is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT SEVEN – VIOLATIONS OF ILLINOIS CONSUMER FRAUD ACT
### (GWIN)

63.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

64.     At all times relevant hereto, GWIN was engaged in the conduct of trade and commerce as defined by the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 I.L.C.S. 505/1 et seq.

65.     GWIN intentionally engaged in deception, fraud, false pretense, false promise, misrepresentations, concealment, suppression and omission of any material fact and other transgressions including but not limited to allowing unauthorized charges to made on Plaintiff's credit card account, and thereafter, refusing to acknowledge that such charges were in fact unauthorized.

66.     As a result of Defendant GWIN's above-mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

67.     The conduct of Defendant GWIN was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, GWIN is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### VI.   JURY TRIAL DEMAND

68.     Plaintiff demands trial by jury on all issues so triable.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 1693m(a)(3);

(e) Such other and further relief as may be necessary, just and proper.

Dated this 24th day of February, 2009.          Respectfully submitted,

By: s/Thomas J. Lyons
**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

Mark D. Mailman
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
mmailman@consumerlawfirm.com
*Not Admitted in the District of Minnesota but intending to file a Motion for Admission Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF